UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GARRETTE LOVE,

Plaintiff,

-against-

THE CITY OF NEW YORK; DEPT.  INSPECTOR JOSEPH
GULOTTA; LT. JOHN HOPKINS; P.O. JOEL
ROSENTHAL; LT. MARTHA RIZZO; and P.O.
JOHN/JANE DOES # 1-5; the individual defendant(s) sued
individually and in their official capacities,

Defendants.

------------------------------------------------------------------------X

**FIRST AMENDED
COMPLAINT**

14-cv-6939-SLT-JO

ECF Case

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief for the violation
of plaintiff's rights secured by 42 U.S.C. § 1983; and the Fourth, Fifth, and Fourteenth
Amendments to the United States Constitution.  Plaintiff's claims arise from an incident that
arose on or about August 3, 2012.  During the incident, the City of New York, and members of
the New York City Police Department ("NYPD") subjected plaintiff to, among other things:
false arrest; unreasonable force; failure to intervene; and implementation and continuation of an
unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive
damages, declaratory relief, an award of costs and attorney's fees, pursuant 42 U.S.C. § 1988,
and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983, and the Fourth, Fifth,
and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5.     Plaintiff Garrette Love is a resident of the State of New York, Kings County and has worked for the Metropolitan Transit Authority for over 20 years.

6.     At all times herein, defendant City of New York is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

7.     At all times alleged herein, defendants Deputy Inspector Joseph Gulotta; Lieutenant John Hopkins; Police Officer Joel Rosenthal; Lieutenant Martha Rizzo; and Police Officers John/Jane Does # 1-5 employed with the 73rd Precinct, located in Kings County, New York or other as yet unknown NYPD assignment, who violated plaintiff's rights as described herein.

8.     The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

### The Incident

9.     On August 3, 2012, at and in the vicinity of Riverdale Avenue between Thatford Avenue and Osborn Street, Brooklyn, New York, and the 73rd Precinct, several police officers operating from the 73rd Precinct, including upon information and belief, defendants

2

Dept. Insp. Gulotta, Lt. John Hopkins, P.O. Rosenthal, Lt. Rizzo, and P.O. John/Jane Does # 1-5, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff.

10.     On August 3, 2012, at approximately 11:30 a.m., at and in the vicinity of Riverdale Avenue between Thatford Avenue and Osborn Street, Brooklyn, New York, defendants Dept. Insp. Gulotta, Lt. John Hopkins, P.O. Rosenthal, Lt. Rizzo, and P.O. John/Jane Does # 1-5, without either consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff (or any third person) had committed a crime unlawfully arrested plaintiff.

11.     Plaintiff was driving back home from a medical appointment when he saw his cousin on Riverdale Avenue.

12.     Plaintiff drove over to his cousin, and his cousin got into his car.

13.     Plaintiff was legally parked.

14.     Plaintiff had driven his car lawfully, obeying all traffic regulations.

15.     Plaintiff and his cousin were talking when the police suddenly pulled up in a police vehicle.

16.     There was no cause or justification for the police to approach or detain plaintiff and his cousin.

17.     The police demanded that plaintiff produce his license and registration, but as he tried to comply, they grabbed and pulled him from his car.

18.     The police then threw plaintiff against his car, twisted his arms and placed him in excessively tight handcuffs.

19.     Plaintiff's cousin got of the car and wanted to know what the police were doing and told them that his own daughter was a police officer.

20.      The police took plaintiff's wallet from and saw his MTA identification.

21.      Some of the defendant police officers stayed with plaintiff while the other defendant officers took plaintiff's identification and apparently spoke with someone on a cell-phone.

22.      A police squad car arrived, and the police put plaintiff into the car.

23.      Plaintiff's cousin was placed in another police vehicle.

24.      The police drove plaintiff and his cousin to the 73rd Precinct.

25.      The police drove plaintiff's car to the 73rd Precinct.

26.      The police placed plaintiff in a cell.

27.      After sometime the police acknowledged to plaintiff that they had wrongly arrested him and his cousin.

28.      The police released plaintiff and his cousin.

29.      The police tried to make it appear that their arrest was just a misunderstanding and down play their unlawful conduct.

30.      The police escorted plaintiff to his car and he drove home.

**General Allegations**

31.      The individual defendants acted in concert in committing the above-described illegal acts against plaintiff.

32.      Plaintiff did not resist arrest at any time during the above-described incidents.

33.      Plaintiff did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

4

34.     The individual defendants did not observe plaintiff violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above-described incident.

35.     The individual defendants acted under pretense and color of state law and their individual and official capacities and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

36.     As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation and financial loss.

37.     Plaintiff is entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiff's rights.

## FIRST CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

38.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

39.     Defendants falsely arrested plaintiff without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiff had committed a crime.

40.     Accordingly, defendants are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

5

## SECOND CLAIM

## (UNREASONABLE FORCE)

41.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

42.     The individual defendants' use of force upon plaintiff was objectively unreasonable.

43.     The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiff, since plaintiff was unarmed, compliant, and did not resist arrest.

44.     Those defendants who did not touch plaintiff, witnessed these acts, but failed to intervene and protect plaintiff from this conduct.

45.     Accordingly, the defendants are liable to plaintiff for using unreasonable force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

## (FAILURE TO INTERVENE)

46.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

47.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

48.     Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

6

## FOURTH CLAIM

### (MONELL CLAIM)

49.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

50.     Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

51.     Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiff: (1) wrongfully arresting innocent persons in order to meet productivity goals; and (2) using unreasonable force on individuals.

52.     Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

53.     Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

54.     Further, defendants City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

55.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual

7

defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:      Brooklyn, New York
            April 10, 2015

                                        MICHAEL O. HUESTON, ESQ.
                                        *Attorney for Plaintiff*
                                        16 Court Street, Suite 3301
                                        Brooklyn, New York 11241
                                        (718) 246-2900
                                        mhueston@nyc.rr.com
                                        By:


                                        ___s/_____
                                        MICHAEL O. HUESTON